## M'CARTY *v.* OSBORNE.

An agreement of *B.* under seal, to build a house for *A.* on certain terms, being
 abandoned, *C.* examined it, and agreed by parol with the latter, in presence
 of the former, to do the same work, and be substituted in *B.'s* place as to
 the terms and stipulations of that agreement.    Afterwards, *A.* sued *C.* in
 special assumpsit for a breach of his contract.    *Held*, that *B.*, in giving
 testimony relative to the contract between the parties, might read to the
 jury his own previous agreement with the plaintiff, although no notice of it
 had been given to the defendant, nor was it specially referred to in the de-
 claration.

ERROR to the *Fayette* Circuit Court.—Special assumpsit *Wednesday,*
for not building a house agreeably to contract.    Plea, the ge- *November 17.*
neral issue.    A bill of exceptions, substantially as follows, was
taken at the trial.    Be it remembered that on, &c. the plaintiff
called *Stephen Simms*, a witness, to support the contract in the de-
claration alleged; and offered to prove by him that there had
been a prior contract in writing between himself and the wit-
ness, relative to building the same house, &c. mentioned in the
declaration, which contract had been abandoned; that the wit-
ness heard the contract between the plaintiff and defendant;
that the following contract between himself and the plain-
tiff, to wit, [here the agreement under seal, executed by the
witness and the plaintiff, is set out,] was examined and read by
the plaintiff and defendant; and that the defendant then agreed

Nov. Term,
1824.

M'CARTY
v.
OSBORNE.

to substitute himself in place of the witness as to the doing of
the work, the manner and time of doing it, and as to all the
terms and stipulations therein contained. To which testimony
the defendant objected, because the plaintiff had not given no-
tice of the previous agreement, nor relied in his declaration on
the defendant's assumpsit to perform it. The Court sustained
the objection, to which the plaintiff excepts, &c. Verdict and
judgment for the defendant.

HOLMAN, J.—The propriety of rejecting this testimony is the
only question; and to us there seems to be but little diffi-
culty in it. The contract between *M'Carty* and *Simms* formed
no part of the contract between *M'Carty* and *Osborne*, notwith-
standing their exact resemblance in their terms. *M'Carty* and
*Osborne*, by verbally agreeing to perform for each other the sti-
pulations in the written contract, did not thereby make a writ-
ten contract. And a reference to the contract of *Simms*, for as-
certaining the contract of *Osborne*, has no more effect upon the
case than a memorandum made by *Simms*, or any other per-
son, at the time of the contract. If, at the time of making a
parol contract, a witness present makes a memorandum of the
particulars of the contract, which is read over by both par-
ties, who thereupon agree that those stipulations shall be their
contract,—there can be no doubt but the witness may refer to
that memorandum, as containing the agreement of the parties.
Nor would the making of the memorandum alter the nature of
the contract, or require any alteration in the pleadings. And the
case would be the same, if the memorandum had been previous-
ly written by the witness or any other person. So, in this case,
the contract between *M'Carty* and *Simms*, as it related to the
contract between *M'Carty* and *Osborne*, remained as no more
than a memorandum of the latter agreement, and did not affect
the nature of that agreement.

There is some small difference between the contract thus at-
tempted to be proved, and the contract declared on, but they
are substantially the same. As to the payment for the work—
as set forth in the declaration, and shown more specifically in
the proof of the former contract—it would seem to be more va-
luable to *Simms* than *Osborne*, inasmuch as it included the pay-
ment of a note and judgment outstanding against *Simms*. This
might be a ground to presume that *Osborne* did not make this
contract, or agree to it in these particulars; or it might be the

foundation of a claim in him, if he did the work, to have some-thing in payment equally valuable; but this does not militate a-gainst the admissibility of the evidence.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*Caswell* and *Rariden,* for the plaintiff.

*Ray,* for the defendant.